# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ARIAN O'CONNOR, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 18-383 |
| v. | ) | |
| | ) | United States Magistrate Judge |
| ACTING WARDEN OF THE FEDERAL CORRECTIONAL INSTITUTION MCKEAN, | ) | Richard A. Lanzillo |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Complaint filed by Arian O'Connor has been received without a filing fee or the forms required to proceed *in forma pauperis* in a civil rights case. This action may not proceed unless the Plaintiff either,

1) tenders to the "Clerk, U.S. District Court" the statutory filing fee in the amount of $350.00, plus a $50.00 administrative fee, for a total of $400.00[1] or,

2) files a properly completed application to proceed in forma pauperis, including "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, Plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

---

[1] As of May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to all civil actions (excluding habeas) filed on or after that date. This fee does not apply to persons granted IFP status. Thus, the filing fee remains $350.00 when a motion to proceed IFP is approved. However, if IFP status is denied, the Plaintiff will be assessed the full

immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Additionally, if Plaintiff chooses to file a motion to proceed *in forma pauperis*, he must also submit an executed authorization form authorizing the custodian of his inmate account to withdraw funds from his account to pay to the Clerk, United States District Court for the Western District of Pennsylvania. When funds exist in the prisoner's account, the Court must collect an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Thereafter, each time that the balance in plaintiff's prison account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid. An authorization form is attached.

Finally, this Court must review Plaintiff's Complaint in accordance with the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims under the PLRA. Specifically, section 1915(e) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the prisoner is NOT entitled to the return of his filing fee.

---

$400.00 filing fee.

For the foregoing reasons, Plaintiff's papers are not being processed any further. You have the right to submit any required paperwork which will make your paperwork in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. When you have met all the requirements to file a lawsuit, your paperwork will be processed. An application to proceed in forma pauperis is enclosed.

Therefore, IT IS **ORDERED** this 18th day of December, 2018, that the Clerk of Court is to mark this case administratively **CLOSED**.[2]

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).